UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROVIDENT BANK,

      Plaintiff,

v.                                     Case No:  6:13-cv-908-Orl-22TBS

FOX FAMILY, LLC and ROBERT L. FOX,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

      In this admiralty case, Plaintiff Provident Bank sought, and has received, a deficiency judgment against Defendants Fox Family, LLC and Robert L. Fox, after a private foreclosure sale of the 60-foot yacht "Foxy Lady" yielded significantly less than what Defendants owed. Plaintiff has now filed a Motion for Attorney Fees (Doc. 19), which is pending before the Court.  Upon due consideration, I respectfully recommend that the motion be GRANTED.

## I.  Background

      In October, 2008, Plaintiff loaned $588,000 to Defendant Fox Family, LLC ("Fox Family") so that Fox Family could purchase a yacht. (Doc. 1, p. 2). In connection with this transaction, Fox Family executed a Promissory Note (Doc. 1-1, pp. 2-3) and a Preferred Mortgage of Vessel ("Mortgage") to secure the Note. (Doc. 1-1, pp. 10-12). At the same time, Defendant Robert L. Fox, then the managing member of Fox Family, executed a Guaranty assuming personal liability as guarantor for the debt. (Doc. 1-1, pp. 5-6).

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Fox Family paid off less than 5% of the principal before defaulting on the Note. (Doc. 1, pp. 3-4). Plaintiff accelerated the loan and foreclosed on the Mortgage, selling the yacht at a private sale for $210,000. (Id.). Plaintiff then sued to recover the remaining $350,164.42 principal plus $78,753.87 in interest, $2,414.24 in late fees and charges, and $58,835.09 in repossession costs and fees. (Doc. 1).

Both Defendants were served but neither appeared, and on July 17, the Clerk entered Defendants' default. (Doc. 10). On July 25, Plaintiff moved for entry of default judgment against Defendants. (Doc. 11). On August 20, the Court granted Plaintiff's motion and ordered entry of judgment against Defendants. (Doc. 17). On August 21, the Court entered Judgment against Defendants in the amount of $498,305.56, along with post-judgment interest at the rate provided by 28 U.S.C. § 1961. (Doc. 18).

When this Court ordered entry of judgment, it reserved jurisdiction "over any proceedings supplementary to enforce the default judgment and to determine an award of reasonable attorney fees and costs." (Doc. 17, ¶ 3). On September 3, Plaintiff filed its Motion for Attorney Fees, (Doc. 19), along with a Proposed Bill of Costs (Doc. 20). The time for responding to this motion has expired. On September 20, the Clerk taxed costs against Defendants in the amount of $537. (Doc. 21).

In its motion for attorney fees, Plaintiff asserts that it is entitled to a reasonable fee under the terms of the promissory note[2] and mortgage.[3] (Doc. 19, pp. 1-2). Plaintiff seeks

---

[2] Specifically, Plaintiff points to the following paragraph of the Note:

"COSTS OF COLLECTION AND ATTORNEY'S FEES: I agree to pay you all reasonable costs you incur to collect this debt or realize on any security. This includes your reasonable attorney's fees of ten percent (10%) of the principal sum due on this note or such larger amount as may be reasonable and just. This provision also shall apply if I file a petition or any other claim for relief under any bankruptcy rule of law of the United States, or if such petition or other claim for relief is filed against me by another."

(Doc. 1-1, p. 3).

fees in the amount of $2870.00, allocated as follows: For Attorney Robert D. McIntosh, 3.6 hours at $200 per hour for a total of $720; for Paralegal Kimberly Brown, 21.5 hours at $100 per hour for a total of $2,150. (Doc. 19, pp. 2-3).

Plaintiff has attached to its motion affidavits by Mr. Macintosh and Ms. Brown briefly setting forth their experience and declaring their hours worked and hourly rates for this matter. (Docs. 19-3, 19-4). Plaintiff has also attached a detailed billing statement itemizing time expenditures for particular tasks. (Doc. 19-5).

## II.  Discussion

### A.  Plaintiff is Entitled to its Reasonable Attorney's Fees

In this Circuit, the prevailing party in admiralty cases is not entitled to recover its attorney's fees unless a statute or contract provides otherwise. <u>Misener Marine Constr., Inc. v. Norfolk Dredging Co.</u>, 594 F.3d 832, 838 (11th Cir. 2010). Here, the Note specifically provides that Defendant Fox Family, LLC "agree[s] to pay [Plaintiff] all reasonable costs" incurred in collection including Plaintiff's "reasonable attorney's fees of ten percent (10%) of the principal sum due on this note or such larger amount as may be reasonable and just." (Doc. 1-1, p. 3).[4] Likewise, the Mortgage provides that Plaintiff "shall be entitled to its reasonable attorneys' fees and court costs … in the event of litigation of the rights and obligations of the parties under this Mortgage." (Doc. 1-1, p. 12).[5] These provisions clearly impose on Defendant Fox Family, LLC an obligation to pay Plaintiff for any attorney fees Plaintiff incurs in collecting on the Note. Moreover, the Guaranty

---

[3] Specifically, Plaintiff points to paragraph 35 of the Mortgage, entitled "ATTORNEYS' FEES." (Doc. 1-1, p. 12). This paragraph provides that "Mortgagee shall be entitled to its reasonable attorneys' fees and court costs … in the event of litigation over the rights and obligations of the parties under this Mortgage." (<u>Id.</u>).

[4] The fee requested here amounts to just 0.82% of the outstanding principal.

[5] Since the Mortgage also explicitly provides that the mortgagor, Fox Family LLC, "will pay" Plaintiff the amount of any deficiency, the fee-shifting provision of the Mortgage also applies in this case. (Doc. 1-1, p. 12).

provides that Defendant Robert Fox is liable as guarantor for "accrued interest [on the $588,000 Note principal] and all attorneys' fees, collection costs and enforcement expenses referable thereto." (Doc. 1-1, p. 9). Accordingly, Defendants are liable for Plaintiff's reasonable attorney fees incurred in this case.

B.  The Asserted Fees are Reasonable.

In the Eleventh Circuit, courts must use the lodestar approach in order to determine reasonable attorney fees. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); see also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299. The Court must exclude from its calculation "excessive, redundant or otherwise unnecessary" hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. "Ultimately, the computation of a fee award is necessarily an exercise in judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. Plaintiff may meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische, 2010 WL 98991, at *4. "[T]he Court may use its own expertise and judgment to make an appropriate independent

assessment of the value of the attorney's services." <u>Chemische</u>, 2010 WL 98991, at \*4

(citing <u>Norman</u>, 836 F.2d at 1303); <u>see</u> <u>also</u> <u>Perez v. Sanford-Orlando Kennel Club, Inc.,</u>

<u>et al.</u>, No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at \*2 (M.D. Fla. Aug. 14, 2009) ("It

is well established that the Court may use its discretion and expertise to determine the

appropriate hourly rate to be applied to an award of attorney's fees.").

  The Court has reviewed the billing statements provided by Plaintiff and finds that

the time Mr. McIntosh and Ms. Brown spent on this matter was reasonable and

necessary. The Court further finds that Mr. McIntosh's asserted hourly rate of $200 per

hour and Ms. Brown's asserted hourly rate of $100 per hour are at or below prevailing

rates in this district and are reasonable under the circumstances. Accordingly, the Court

finds that the requested fee is reasonable.

### III. Recommendation

  Upon consideration of the foregoing, I respectfully **RECOMMEND** that Plaintiff's

Motion be **GRANTED** and that Plaintiff be awarded **$2,870 in attorney and paralegal fees**.


  **RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 24, 2013.


THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record
  Any Unrepresented Parties