UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE PROVIDENT BANK,

    Plaintiff,

v.                                                    Case No. 6:13-cv-908-Orl-22TBS

FOX FAMILY, LLC, a limited liability
company, and ROBERT L. FOX, an
individual,

    Defendants.
_____/

## ORDER

Pending before the Court are Plaintiff's Motion to Compel Better Responses to Discovery from Defendant Robert L. Fox (Doc. 25) and Motion to Compel Better Responses to Discovery from Defendant Fox Family, LLC (Doc. 26).  For the following reason, both motions are DENIED without prejudice.

Counsel for Plaintiff's alleged compliance with Local Rule 3.01(g) consists of a letter from a paralegal warning that if Defendants did not respond on or before January 6, 2014, then the motions would be filed.  (Docs. 25-6, 26-4).

Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion.  The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith

effort to resolve the motion without court action. The Rule does not envision an email, fax or letter.

The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates. Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism).

A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate.

If a party refuses to comply with Rule 3.01(g), that conduct should be brought to the Court's attention.

DONE AND ORDERED in Orlando, Florida, on January 17, 2014.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies to:

All Counsel
All pro se Parties